UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEVELT D MUSGRAVES,

          Petitioner,

v.                                                                                Case No. 22-cv-0102-bhl

BRAD KOSBOB,

          Respondent.

## SCREENING ORDER

On January 26, 2022, petitioner Levelt D. Musgraves, a state prisoner currently incarcerated at McNaughton Correctional Center, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) On that same day, Musgraves paid the $5.00 filing fee. (*Id.*)

Rule 4 of the Rules Governing §2254 Cases requires the Court to screen Musgraves' petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. The Court also looks to see if the petition is the petitioner's first or whether it is a "second or successive habeas corpus application." 28 U.S.C. §2244(b).

Musgraves was convicted of one count of first-degree intentional homicide while armed and is currently serving a life sentence. *State of Wisconsin v. Levelt Dewarren Musgraves*, WISCONSIN CIRCUIT COURT ACCESS, https://wcca.wicourts.gov/caseDetail.html?caseNo=1991CF911251&countyNo=40&index=0&mode=details (last visited Apr. 11, 2022). He challenged his conviction in state court on both direct appeal and by seeking sentence modification based on the existence of an allegedly new factor.

*State of Wisconsin v. Musgraves*, 1996 WI App, No. 95-1476-CR, 1996 WL 104919, *1 (Mar. 12, 1996); *State v. Levelt Dewarren Musgraves*, WISCONSIN COURT SYSTEM SUPREME COURT AND COURT OF APPEALS, https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2020AP002089&cacheId=EB60D0DE1B6E6CE34F60E6F25AC94689&recordCount=8&offset=0&linkOnlyToForm=false&sortDirection=DESC (last visited Apr. 11, 2022). He also previously challenged his conviction via habeas petition in this Court. (20-cv-0337-WED, ECF No. 1.)

Musgraves' petition asserts three grounds for relief: "that county attorneys are denying him equal protection by opposing his requests for a reduced sentence while supporting the requests of other prisoners; that state courts are denying him review of his equal protection claim; and that Supreme Court precedents on juvenile sentencing entitle him to earlier release." (20-cv-0337-WED, ECF No. 41 at 2.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner's "second or successive" petition is subject to stringent restrictions. Before a second or successive petition can be considered by a district court, the petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A). In this case, Musgraves moved the Seventh Circuit for leave to file a successive petition with this Court, and the Seventh Circuit denied his request. (20-cv-0337-WED, ECF No. 41.) Accordingly, Musgraves had no authority to file the present petition with this Court, so that petition must be summarily dismissed.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this petition is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases.  A certificate of appealability will also be **DENIED**.  The Court does not find that reasonable jurists would believe that the petitioner has made a substantial showing of the denial of a constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Clerk is directed to enter judgment dismissing the case.

The petitioner is advised that the judgment entered by the Clerk is final.  A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  In the event the petitioner decides to appeal, he should also request that the court of appeals issue a certificate of appealability.

Dated at Milwaukee, Wisconsin on April 12, 2022.

                                                    s/ *Brett H. Ludwig*
                                                  BRETT H. LUDWIG
                                                  United States District Judge